UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MAGISTRATE JUDGE
SNOW /

MUVICO THEATERS, INC.,
a Florida corporation,

**06 - 60080**  *CIV-ZLOCH*  B

Plaintiff,

vs.

**NIGHT BOX
FILED**

JAN 19 2006

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

BUSINESS SOFTWARE ALLIANCE,
a non-profit trade association,
ADOBE SYSTEMS, INC.,
a Delaware corporation;
MACROMEDIA, INC.,
a Delaware corporation; and
MICROSOFT CORPORATION,
a Washington corporation.
Defendants.

_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, MUVICO THEATERS, INC., sues Defendants, BUSINESS SOFTWARE ALLIANCE; ADOBE SYSTEMS, INC.; MACROMEDIA, INC.; and MICROSOFT CORPORATION, for relief under the Federal Declaratory Judgment Act, and states as follows:

### JURISDICTION AND VENUE

1.      This action arises under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 and the Copyright Laws of the United States, 17 U.S.C. § 101 et. seq. This court has exclusive subject matter jurisdiction over this cause pursuant to 28 U.S.C. § 1338(a).

2.      This court has personal jurisdiction over the Defendants by virtue of F.S. 48.193 and threats of infringement litigation in this district.

3.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).



## THE PARTIES

4.     Plaintiff, MUVICO THEATERS, INC., is a Florida corporation having its principal place of business at 3101 North Federal Highway, Suite 602, Ft. Lauderdale, Florida. The Plaintiff operates MUVICO THEATERS in Florida and other states, comprising distinctive multi-screen movie theater complexes.

5.     The Defendant, BUSINESS SOFTWARE ALLIANCE, is a non-profit trade association having its principal place of business at 1150 18th Street, N.W., Suite 700, Washington, D.C. It is the enforcement arm of various software publishers, including Microsoft Corp., Adobe Systems, Incorporated, and Macromedia, Inc. and has power of attorney to enforce such companies' copyrights in various software titles.

6.     Upon information and belief, Defendant, ADOBE SYSTEMS, INC., is a Delaware corporation having its principal place of business at 345 Park Avenue, San Jose, California 95110, and conducts business in the State of Florida, including the Southern District of Florida.

7.     Upon information and belief, Defendant, MACROMEDIA, INC., is a Delaware corporation having its principal place of business at 600 Townsend Street, Suite 310 W, San Francisco, California 94103, and conducts business in the State of Florida, including the Southern District of Florida.

8.     Upon information and belief, Defendant, MICROSOFT CORPORATION, is a Washington corporation having its principal place of business at One Microsoft Way, Building 8, North Office 2211, Redmond, Washington 98502, and conducts business in the State of Florida, including the Southern District of Florida.

## BACKGROUND

9.     During 2005, the Plaintiff was the victim of various forms of computer sabotage by a former employee.  The company began an investigation of the matter and ultimately lodged complaints as to the criminal activity of its ex-employee with the Broward Sheriff's Office and the U.S. Secret Service.  That individual was recently arrested on charges of computer fraud in that matter.

10.     Upon belief, the Plaintiff's former employee, as part of his scheme to damage the company, made contact with the Defendant, BUSINESS SOFTWARE ALLIANCE ("BSA"), for the purpose of alleging violations of the copyright laws of the U.S., hoping that investigative or enforcement actions against the Defendant would further impede the company's business activities, and/or interfere with any investigation of his own criminal conduct.

11.     Attached hereto as Exhibit "A" are letters received from counsel for the Defendant, ("BSA"), pursuant to allegations by an "informant".

12.     A response was provided to counsel for the Defendant, which is attached hereto as Exhibit "B".

13.     Defendant, "BSA's" counsel replied by letter of November 15, 2005, which is attached hereto as Exhibit "C".  Plaintiff's further response thereto is attached as Exhibit "D".

14.     Based upon the damage done to the company by the Plaintiff's former employee, coupled with its belief that investigative and/or aforementioned enforcement actions by the Defendant, based on allegations of copyright infringement,  including seeking potential ex-parte orders could continue to disrupt the business of the Plaintiff, it has chosen to seek relief under the Declaratory Judgment Act, in order to establish the scope of its licensed rights in the Defendants' software.

## COUNT I

## DECLARATION OF RIGHTS

15.     This count arises under 28 U.S.C. § 2201 and the Copyright Laws of the U.S. 17 U.S.C. § 101 et seq. The Plaintiff would repeat and reallege paragraphs 1 through 14 above.

16.     Correspondence received from the Defendant, "BSA", suggests a violation of the Copyright Laws of the United States by the Plaintiff and further threatens the remedies available pertinent to such allegations, including ex-parte seizure orders by a court.

17.     "BSA" promotes itself as an aggressive enforcement agency for various software companies, and its mission is often served by publicity of the aggressive nature of its actions, including ex-parte litigation activity.

18.     The Plaintiff has already been damaged by the actions of its former employee and has a basis to believe that the potential imminent enforcement activities of the Defendant, "BSA", even though they may be only unwittingly associated with the activities of the Plaintiff's former employee, will serve to cause further damage and disruption to the Plaintiff.

19.     The communications received from "BSA" clearly threaten litigation under the Copyright Laws of the United States. The Plaintiff chooses to seek relief under the Declaratory Judgment action so that it may continue its efforts in seeking justice, including restitution, through the criminal justice system for the damage it has already suffered, without the concurrent distraction of looming, drawn out threats of litigation by the Defendants. While "BSA's" agenda is not believed to be related to the intentional damage caused by the Plaintiff's ex-employee, the timing of its agenda and its apparent cooperation with the Plaintiff's ex-employee serve to threaten to continue the disruption of the Plaintiff's business.

20.     The Plaintiff chooses to conduct its business affairs in an atmosphere free from threats of litigation and uncertainty over the Defendants' implicit allegations of copyright infringement. It operates under the belief that its software is the subject of proper licensing, with the possible exception of certain matter already noted in its November 4, 2005 letter to Defendant's counsel. (Exhibit "B", hereto).

WHEREFORE, the Plaintiff prays that:

a)     This court enter judgment that the Plaintiff has not infringed the copyrights held by Adobe Systems, Inc.;

b)     This court enter judgment that the Plaintiff has not infringed the copyrights held by Macromedia, Inc.;

b)     This court enter judgment that the Plaintiff has not infringed the copyrights held by Microsoft Corporation;

d)     Such other relief as this court deems appropriate.

Respectfully submitted,

McHALE & SLAVIN, P.A.
2855 PGA Blvd.
Palm Beach Gardens, FL 33410
Telephone: (561) 625-6575
Fax:        (561) 625-6572
Edward F. McHale
Florida Bar No. 190300
Attorneys for Plaintiff

_____
Edward F. McHale

# EXHIBIT "A"

# DAVID LICHTER & ASSOCIATES, P.A.

## ATTORNEYS AT LAW

2999 NE 191ST STREET, SUITE 709
AVENTURA, FLORIDA 33180-3116

DAVID H. LICHTER
dlichter@lichterlaw.com

MAYRA R. LICHTER
mlichter@lichterlaw.com

TELEPHONE (305) 933-9970
FACSIMILE (305) 933-0998
www.lichterlaw.com

July 22, 2005

*Via Federal Express*

Hamid A. Hashemi
President
Muvico Theatres, Inc.
3101 N. Federal Highway
Suite 602
Ft. Lauderdale, FL 33306

Re:     Business Software Alliance – Muvico Theatres, Inc.

Dear Mr. Hashemi:

This firm represents the Business Software Alliance (the "BSA") in connection with its investigation of possible instances of illegal duplication of certain software companies' proprietary software products. The BSA represents the interests of Adobe Systems Incorporated, Apple Computer, Inc., Autodesk, Inc., Avid Technology, Inc., Bentley Systems Incorporated, Borland Software Corporation, CNC Software/Mastercam, Internet Security Systems, Inc., Macromedia, Inc., McAfee Security, Microsoft Corporation, Parametric Technology Corporation, Solidworks Corporation, Sybase, Inc. and UGS PLM Solutions. Through the BSA, these companies work to ensure that licensees of computer software products are using those products in compliance with federal copyright laws.

We recently have been advised that Muvico Theatres, Inc. Corporation ("Muvico") has installed on its computers more copies of Adobe Creative Suites, Adobe Photoshop, Macromedia Studio, Microsoft Access, Microsoft Excel, Microsoft Exchange Server, Microsoft Outlook, Microsoft PowerPoint, Microsoft Publisher, Microsoft SQL Server, Microsoft Windows Server, Microsoft Windows OS and Microsoft Word software than it is licensed to use.

Unauthorized duplication of computer software products constitutes copyright infringement. The Copyright Act (17 U.S.C. § 101 *et seq*) provides that copyright owners may recover actual damages for infringement based upon the number of copies produced, or they may

recover statutory damages. Statutory damages can reach $150,000 for each copyrighted product that has been infringed in cases where the infringement was willful. The copyright owner can also seek its attorney's fees.

However, BSA has determined that litigation may not be necessary in this case, especially as senior management may not have had an opportunity to investigate or consider the ramifications of using unlicensed software. BSA instead wishes to resolve this matter amicably by providing Muvico with an opportunity to conduct its own company-wide investigation. To take advantage of this opportunity, Muvico's investigation must include an audit of all of the software published by BSA members (*see above*) on all of its computers and a review of the software licenses and proofs of licenses for those purchases.

Please understand that while BSA is contacting you in an effort to avoid litigation, it is not waiving its right to litigate to protect its members' copyrights if this effort is not successful. If formal action is to be avoided, we must insist that you contact us by August 8. At that time, we will provide you with specific guidance on how to conduct your audit.

In the meantime, please do not destroy any copies of any of the computer software products published by the above-mentioned companies that are currently installed on Muvico's computers. The software programs installed on Muvico's computers are evidence and must be preserved in case this matter does proceed to litigation. Also, please be advised that the legal departments of the above-mentioned companies have specifically approved BSA's pursuit of this matter on their behalf and BSA is the only party authorized to resolve it. Therefore you should not attempt to enter into any negotiations with sales representatives of these companies to purchase computer software products prior to the resolution of this matter. Purchasing or deleting software at this point will not remedy past unauthorized installation or use, will not conclude our investigation, and may prejudice our ability to reach a mutually satisfactory resolution of this matter.

We look forward to your cooperation.

Very truly yours,

David B. Lichter

/dhl

DAVID LICHTER & ASSOCIATES, P.A.
ATTORNEYS AT LAW

DAVID H. LICHTER
dlichter@lichterlaw.com

MAYRA R. LICHTER
mlichter@lichterlaw.com

TELEPHONE (305) 933-9970
FACSIMILE (305) 933-0998
www.lichterlaw.com

August 9, 2005

*Via email hamid.hashemi@muvico.com and U.S. mail*

Hamid A. Hashemi, President
Muvico Theatres, Inc.
3101 N. Federal Highway
Suite 602
Ft. Lauderdale, FL 33306

Re:   Business Software Alliance -- Muvico Theatres, Inc.

Dear Mr. Hashemi:

This letter confirms our telephone conversation yesterday regarding use of certain software products at Muvico Theatres, Inc. ("Muvico"). We appreciate your cooperation with the Business Software Alliance ("BSA") in this matter.

During our telephone conversation, you indicated me that Muvico will conduct an internal investigation. This letter will provide guidelines for that investigation.

Please ensure that the investigation consists of an audit of all of Muvico's computers at *all* of its locations and accounts for all software products published by the software companies whose interests are represented by the BSA (the "Computer Software Products"). The software companies involved are listed in the first paragraph of my letter to you dated July 22, 2005 and include Adobe Systems Incorporated, Apple Computer, Inc., Autodesk, Inc., Avid Technology, Inc., Bentley Systems Incorporated, Borland Software Corporation, CNC Software/Mastercam, Internet Security Systems, Inc., Macromedia, Inc., McAfee Security, Microsoft Corporation, Parametric Technology Corporation, Solidworks Corporation, Sybase, Inc. and UGS PLM Solutions. Specifically, your investigation should include the following information, **which must be accurate as of July 22, 2005, the date of my initial letter to Muvico:**

(1)   the total number of computers, including laptop and/or notebook computers, and file servers, at all of Muvico's locations;

(2)     a list of all Computer Software Products, by name and version, installed on any computers at _all_ of Muvico's locations and the total number of computers on which each product is installed (_e.g._, software program X is installed on 25 computers). Include operating systems and server software;

(3)     the total number of users who can access each server; and

(4)     the number of licenses owned **as of July 22, 2005, the date of my initial letter to Muvico,** including client access licenses (CALs), for each product identified during the audit. This item **must** be supported by **dated** documentation, such as invoices or receipts, as proof of the ownership of each such license. Undated documentation, such as photocopies of software media (_e.g._, CD-ROMs), blank license agreements (with no date or identification of purchaser), and product packaging, cannot be accepted as proof of ownership for the purposes of this inquiry.

I have enclosed a matrix to assist you in the process.

As noted in my initial letter to you, prior to the resolution of this matter, Muvico should not destroy any copies of the Computer Software Products that are currently installed on Muvico's computers since this will be evidence in the event of litigation. In addition, Muvico should not purchase or enter into any negotiations to purchase any of the Computer Software Products prior to the resolution of this matter. Taking corrective action at this point will not remedy past unauthorized installation or use, will not conclude our investigation, and may prejudice our ability to reach a mutually satisfactory resolution of this matter.

I look forward to receiving the materials described above by August 23. If you have any questions, please call.

Sincerely,

David H. Lichter

enclosure

EXHIBIT "B"

# McHale & Slavin, P.A.

ATTORNEYS AT LAW

U.S. & INTERNATIONAL PATENTS, TRADEMARKS, COPYRIGHTS,
RELATED LICENSING & LITIGATION

---

2855 PGA BOULEVARD
PALM BEACH GARDENS • FLORIDA • 33410-2910
TELEPHONE (561) 625-6575    FACSIMILE (561) 625-6572
palmbeach@mspatents.com

November 4, 2005

**VIA FAX & U.S. MAIL**
**305-933-0998**
David H. Lichter, Esq.
David Lichter & Associates
2999 NE 191st Street, Suite 709
Aventura, FL 33180

RE:    BSA Inquiry to Muvico Theaters

Dear Mr. Lichter:

Muvico Theaters, Inc. is continuing its internal computer auditing resulting from computer sabotage, as discussed further below. In an effort to be responsive to BSA, we provide the following preliminary findings:

437 licenses, either original or developer, exist for the following programs: Office 2000 Std; Office 2000 Pro; Office XP; Office XP Pro; Office 2003; Office 2003 Basic; Exchange 2000; NT 4.0; Windows 2000; 2003 Server; 2000 Server; and SQL Server 2000. All use of these programs is pursuant to licenses.

Regarding MacroMedia's Dreamweaver MX 2004, the audit uncovered 5 computers having installed programs, and 1 license has been located. This program is intended for use on only one computer so our continuing investigation has expanded to determine why the program is on the other computers. At the time of this response, the investigation is not complete and the four additional programs are considered unauthorized placement.

Regarding Adobe Acrobat Pro, Aftereffects, Creative Suite, and Photoshop, the audit uncovered 19 computers having installed programs and 4 licenses have been located. Muvico is continuing to search for the licenses and believes a number of these programs may have been installed on the computer by the manufacturer. Many of these programs were found on computers that have no need for such programs, and are believed to have been intentionally and maliciously planted by an ex-employee. Again, at the time of this response, the investigation is not complete.

Our response must necessarily advise that your informant is under criminal investigation and an arrest is expected. Because of your status as BSA's counsel, we make this fact known as part of this response, but insist that it not be disclosed, so that the criminal investigation by state and federal

authorities is not compromised. Muvico became aware of sabotage to its computers in the spring of 2005, well before your letter of inquiry, and began an investigation and lodged complaints with the Broward Sheriff's Office and U.S. Secret Service. The company continues to assist in the criminal investigation, and due to the imminent likelihood of a criminal action being filed, Muvico is unable to provide further details without adversely impacting the work being performed by these agencies.

Log files have been uncovered which indicate that a sophisticated and highly malicious stored procedure was employed, involving numerous efforts to manipulate, corrupt, and destroy data contained on the web server and database server. Furthermore, it is our belief that unauthorized programs were planted to support an accusation to BSA. I assume that you will be contacted to establish the timing of BSA involvement.

We believe there is an explanation for every unauthorized installation, most likely due to either the purchase of new computers with installed programs or placement thereon by the malicious employee. Muvico wishes to resolve any issue with BSA so it can concentrate on repairing the acts of sabotage that experts have traced to the ex-employee. Due to the ongoing investigation, we are unable to comply with all of your requests out of concern that this could result in tainting evidence or provide unwarranted evidentiary issues for future defense counsel to frustrate or complicate criminal prosecution.

Nevertheless, Muvico is willing to address the wrongdoings of its ex-employee under the belief that BSA was used as a tool, as a part of his efforts to severely damage Muvico. A settlement with BSA would allow Muvico to focus on the criminal action, without the distraction of an action with BSA, which may have inadvertently committed to an alliance with Muvico's ex-employee.

We believe $10,000 will more than address time spent on this matter by BSA and allow BSA to indicate enforcement of its principals' rights. The damage done by the saboteur is in the hundreds of thousands of dollars so Muvico is more in need of technical assistance from the software companies to prevent such a situation from reoccurring.

Muvico does not wish to enter into litigation with BSA, but will do so to protect its good reputation. We hope this offer will address all matters with BSA, as it is Muvico's absolute intent to abide by the licensing rights of all Software Companies. It is believed that Muvico's participation in a criminal action against a rogue employee also serves BSA's goal of sending a message to employees who intentionally sabotage an employer's computers.

Please advise by November 18th if this proposal is acceptable.

Sincerely,

McHALE & SLAVIN, P.A.

Edward F. McHale

EFM:cae

cc:   Michael W. Melvin, Esq. - Muvico Theaters Inc.
      Michael W. Marcil, Esq. - Gunster Yoakley

**EXHIBIT "C"**

# DAVID LICHTER & ASSOCIATES, P.A.

### ATTORNEYS AT LAW

2999 NE 191ST STREET, SUITE 709
AVENTURA, FLORIDA 33180-3116

DAVID H. LICHTER
dlichter@lichterlaw.com

MAYRA R. LICHTER
mlichter@lichterlaw.com

TELEPHONE (305) 933-9970
FACSIMILE (305) 933-0998
www.lichterlaw.com

November 15, 2005

Edward F. McHale, Esq.
McHale & Slavin, P.A.
2855 PGA Boulevard
Palm Beach Gardens, FL 33410-2910

RE:   Business Software Alliance – Muvico Theatres
      Your Reference Number 1666.000003

Dear Mr. McHale:

Thank you for your letter of November 4, 2005.   The BSA appreciates your client's continuing efforts to cooperate with the BSA's investigation.  I will try to respond to the issues you raise in the manner in which you address them.

While we appreciate the preliminary findings from your audit, they are substantially incomplete in terms of the format we requested in which the audit be done.  As you will recall, we forwarded you a matrix, which had places for the insertion of the number of installations of software on your client's computers, along with the number of licenses supporting those installations. While you provided a total number of licenses, those licenses are not broken down by program.  Nor have you provided us in any form the number of installations of the programs you listed.

In addition, while your client has apparently provided you with the number of licenses, we have not received any invoices, receipts or packing slips which would identify those licenses as belonging to your client or when they were acquired.  This information is essential to our completing the proper review.  As you might appreciate, our experience has been that in many instances, companies are mistaken about what constitutes a proper license or the number of licenses, and we cannot simply rely on your client's assertion concerning its licensing situation.

While we do not want to interfere with any type of investigation that may be ongoing by some entity other than the BSA, we do not understand how providing the information concerning the number of licenses for each program, the number of installations of software or copies of the

documentation to support your client's licenses would interfere with any investigation or assist "future defense counsel."

You have also raised certain issues relating to an alleged "informant" who may be under criminal investigation. As you are probably aware, the BSA cannot comment on its sources of information (its anti-piracy program would not function very well in such circumstances) and cannot confirm or deny the matters you raise. We have not, however, been made aware of any state or federal investigations concerning Muvico or its employees or former employees.

Based on the foregoing, while the BSA appreciates Muvico's offer of $10,000 to resolve this matter, the information we have received thus far is too incomplete to properly evaluate the situation. The BSA, like Muvico, is also not looking to litigate, which is precisely why the BSA sent Muvico its initial letter seeking an amicable resolution of this matter, rather than exercising the option of proceeding ex parte with an order from the District Court for an audit of Muvico's computers. On the other hand, the lack of information makes it difficult to resolve this matter.

I ask that you speak with your client and determine whether it is willing to provide us with, at a minimum:

- the number of installations of each of the software programs you have identified (on pcs, laptops and servers);

- the number of licenses your client claims to have for each program; and

- documents, such as invoices, receipts or packing slips, which support the licenses your client claims to own.

I refer you to the audit guidelines letter of August 9, 2005 for more detail on what the BSA requires.

Thank you for your continuing cooperation and we look forward to hearing from you in the near future.

Sincerely,

David H. Lichter

/dhl

**EXHIBIT "D"**

# McHALE & SLAVIN, P.A.

ATTORNEYS AT LAW

U.S. & INTERNATIONAL PATENTS, TRADEMARKS, COPYRIGHTS,
RELATED LICENSING & LITIGATION

2855 PGA BOULEVARD
PALM BEACH GARDENS • FLORIDA • 33410-2910
TELEPHONE (561) 625-6575    FACSIMILE (561) 625-6572
palmbeach@mspatents.com

January 18, 2006

**VIA FAX & U.S. MAIL**
**(305) 933-0998**
David H. Lichter, Esq.
David Lichter & Associates, P.A.
2999 N.E. 191 Street, Suite 709
Aventura, Florida 33180

Re:    Business Software Alliance - Muvico Theaters, Inc.
       Our Reference No. 1666L.000001

Dear Mr. Lichter:

Addressing your November 15th letter, Muvico would reiterate its understanding of BSA's mission, and its own desire of reaching an amicable resolution to this matter. At the same time, though, Muvico is unsettled by repeated subtle threats of pursuing ex-parte seizure actions against it. Should this occur, the damage previously done to the company by its former employee would only be magnified through the single focus BSA has undertaken in acting on his allegations.

Muvico's efforts to bring this individual to justice have proven fruitful, with his recent arrest on charges of computer fraud. This fact especially heightens Muvico's concern that, even now that he has been charged criminally, his earlier actions to damage Muvico could result in disruption to its current operations through the potential ex-parte actions of BSA.

Therefore, Muvico has filed the enclosed Complaint for Declaratory Judgment in U.S. District Court. Please be advised that it is not Muvico's intent to aggravate the present situation. Rather, Muvico feels compelled to take this course of action to protect its rights and to insure that any dispute between the parties allows Muvico to be heard at all stages. Having said this, it is not Muvico's intention to serve the Complaint, but rather to amicably resolve this matter expeditiously.

In light of the ongoing criminal prosecution of BSA's informant, Muvico requests that the continuation of negotiations take place through a face to face meeting where we can address any concerns of your clients without the threat of creating unwarranted issues for the defense counsel of Muvico's former employee.

Sincerely,

McHALE & SLAVIN, P.A.

Edward F. McHale
EFM:cac

cc:     Michael Whalen
        Michael W. Marcil, Esq.

JS 44 (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS
MUVICO THEATERS, INC.

CIV-ZLOCH

## DEFENDANTS
BUSINESS SOFTWARE ALLIANCE, et al.

MAGISTRATE JUDGE
SNOW

**(b)** County of Residence of First Listed Plaintiff  BROWARD
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Edward F. McHale, Esq., McHALE & SLAVIN, P.A.
2855 PGA Boulevard, Palm Beach Gardens, FL 33410
(561) 625-6575

NIGHT BOX
FILED

06 - 60080

Attorneys (If Known)

David L. Lichter, Esq., 2999 N.E. 191 St., Aventura, FL 33180

JAN 19 2006

CLARENCE MADDOX
CLERK, USDC/SDFL/FTL

**(d)** Check County Where Action Arose:  ☐ MIAMI- DADE  ☐ MONROE  ☑ BROWARD  ☐ PALM BEACH  ☐ MARTIN  ☐ ST LUCIE  ☐ INDIAN RIVER  ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☑ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

C:06 cv 60080-WJZ LSS

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)  and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☑ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN  (Place an "X" in One Box Only)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Re-filed- (see VI below)  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page)

a) Re-filed Case ☐ YES ☐ NO    b) Related Cases ☐ YES ☐ NO

JUDGE

DOCKET NUMBER

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause **(Do not cite jurisdictional statutes unless diversity):**
Federal Declaratory Judgment Act, 28 U.S.C., Section 2201 & Copyright Laws of the US., 17 U.S.C. Section 101
LENGTH OF TRIAL via ___ 4 ___ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE
1/18/06

FOR OFFICE USE ONLY

AMOUNT 250.00   RECEIPT # 536132   IFP

| TO: | |
|---|---|
| **Register of Copyrights**<br>**Copyright Office**<br>**Library of Congress**<br>**Washington, D.C. 20559** | **REPORT ON THE**<br>**FILING OR DETERMINATION OF AN**<br>**ACTION OR APPEAL**<br>**REGARDING A COPYRIGHT** |

In compliance with the provisions of 17 U.S.C. 508, you are hereby advised that a court action or appeal has been filed on the following copyright(s):

| ☐ ACTION ☐ APPEAL | COURT NAME AND LOCATION<br>UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA |
|---|---|
| DOCKET NO.<br>06-60080-CV-ZLOCH | DATE FILED<br>January 19, 2006 | 299 East Broward Boulevard, Suite 108<br>Fort Lauderdale, Florida 33301 |

| PLAINTIFF<br>Muvico Theaters, Inc. | DEFENDANT<br>Business Software Alliance, a non-profit trade association<br>Adobe Systems, Inc., a Delaware corporation<br>Macromedia, Inc., a Delaware corporation<br>Microsoft Corporation, a Washington corporation |
|---|---|

| | COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OR WORK |
|---|---|---|---|
| 1 | SEE ATTACHED | | |
| 2 | | | |
| 3 | | | |
| 4 | | | |
| 5 | | | |

In the above-entitled case, the following copyright(s) have been included:

| DATE INCLUDED | INCLUDED BY<br>☐ Amendment ☐ Answer ☐ Cross Bill ☐ Other Pleading | | |
|---|---|---|---|
| | COPYRIGHT<br>REGISTRATION NO. | TITLE OF WORK | AUTHOR OF WORK |
| 1 | SEE ATTACHED | | |
| 2 | | | |
| 3 | | | |

In the above-entitled case, a final decision was rendered on the date entered below. A copy of the order or judgment together with the written opinion, if any, of the court is attached.

| COPY ATTACHED<br>☐ Order ☐ Judgment | WRITTEN OPINION ATTACHED<br>☐ Yes ☐ No | DATE RENDERED |
|---|---|---|

| CLERK<br>CLARENCE MADDOX | (BY) DEPUTY CLERK<br>Sheila Gonzalez | DATE<br>1/20/06 |
|---|---|---|

**DISTRIBUTION:**

1) Upon initiation of action,<br>mail copy to Register of Copyrights    2) Upon filing of document adding copyright(s),<br>mail copy to Register of Copyrights    3) Upon termination of action,<br>mail copy to Register of Copyrights

4) In the event of an appeal, forward copy to Appellate Court    5) Case File Copy